IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAPHAEL TEWELDE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>POP A LOCK OF NORTHERN NEW JERSEY<br><br>Defendant. | No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Ralph Tewelde ("Plaintiff"), residing at 39 Quinby Place, West Orange, New Jersey 07052, by his undersigned counsel, alleges the following upon personal knowledge as to his own acts and upon information and belief as to all other matters.

## NATURE OF THE ACTION

1. This is a collective action under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* (the "FLSA"), and a class action under the New Jersey Wage and Hour Law, N.J.S.A. §34:11-56a, *et seq.* (the "NJWHL") against Defendant Pop A Lock of Northern New Jersey ("Defendant" or "Pop A Lock"), whose headquarters address is 227 Union Avenue, Bloomingdale, New Jersey 07403, for Defendant's failure to pay its technician employees at one and one-half times their

1

hourly rate during hours worked over forty (40) in a workweek.

2. Defendant is a franchise owned and operated by Tom and Charlotte Williams, employing technicians in ten (10) northern and central New Jersey counties to provide roadside assistance to drivers.

3. Technicians are employed pursuant to employment agreements with Defendant.

4. As part of their employment, technicians are sent out into the field to perform—among other duties—roadside automotive work and locksmith services for commercial, industrial, and residential clients.

5. During the course of a given workweek, technicians routinely work more than forty (40) hours. They are, however, routinely denied pay at one and one-half times their ordinary rate during hours worked over forty (40) in a workweek, in violation of the FLSA and the NJWHL. Instead, technicians are paid at their ordinary rate during all hours actually worked, including those over forty (40).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and the FLSA, 29 U.S.C. §216(b). This Court has jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in this District because Pop A Lock resides in this District, and a substantial part of the events giving rise to Plaintiff's claims, and

those of the Class, occurred in this District, including but not limited to Plaintiff's employment by Pop A Lock and the employment of other technicians by Pop A Lock.

## THE PARTIES

8. Plaintiff is a citizen of the State of New Jersey, residing in West Orange. Plaintiff worked as a roadside technician during the limitations period with regard to both the FLSA and the NJWHL, performing assistance to stranded motorists who had experienced problems including, but not limited to, running out of gas, breaking down, getting flat tires, etc. During his scheduled shifts, Plaintiff was directed to remain within a specific geographical area from where he would be dispatched to handle calls for service. Plaintiff was designated an employee pursuant to an employment contract, and indeed had no executive, administrative, professional, managerial, or supervisory authorities. Plaintiff routinely worked fifty (50) hours or more per week with no variation in his rate of pay when working in excess of forty (40) in a work week, in violation of the FLSA and the NJWHL. Plaintiff's written consent to bring this action, pursuant to 29 U.S.C. §216(b), is attached hereto as Exhibit A.

9. Defendant Pop A Lock has been an employer of the technicians at all relevant times within the meaning of the FLSA and the NJWHL, directing them to perform services within the ten (10) northern and central New Jersey counties.

## COLLECTIVE ALLEGATIONS

10. Plaintiff brings the First Count as a collective action pursuant to Section 216(b) of the FLSA, on behalf of himself and other similarly situated people (the "Collective" or the "technicians"), which shall include:

> All persons who work or worked for Defendant as technicians from January 2, 2017 through the date the Court orders notice to be sent in accordance with Section 216(b) of the FLSA (the "FLSA Class Period"). Excluded from the Collective are Defendant, and any corporations, partnerships or other entities affiliated with Defendant.

11. Defendant is liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and the Collective for time worked in excess of forty (40) hours per week. There are likely fifty (50) or more similarly situated current and former employees of Defendant who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records that Defendant is required to create and maintain under applicable federal and state law.

12. Notice should be sent to the Collective pursuant to 29 U.S.C. §216(b).

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings the Second Count as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the following class of technicians (the "Class"):

> All persons who work or worked for Defendant as technicians in the State of New Jersey from January 2, 2014 through the date a judgment is entered in this action. Excluded from the Class are Defendant, and any corporations, partnerships or other entities affiliated with Defendant.

14. The members of the Class are so numerous that joinder of all members would be impracticable. Plaintiff estimates that there are at least fifty (50) members of the Class.

15. Questions of law and fact common to all the members of the Class that predominate over any questions affecting only individual members, include:

   a. Whether Defendant failed to pay Plaintiff and the Class at overtime rates during hours worked over forty (40) per workweek; and

   b. Whether Defendant's failure to pay Plaintiff and the Class at overtime rates during hours worked over forty (40) per workweek violated the NJWHL.

16. The claims of Plaintiff are typical of the claims of the members of the Class. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

17. Plaintiff will protect the interests of the Class fairly and adequately, and Plaintiff has retained attorneys experienced in class action litigation.

18. A class action is superior to all other available methods for this controversy because:

    a. The prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

    b. The prosecution of separate actions by the members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, which would establish incompatible standards of conduct for Defendant;

    c. Defendant acted or refused to act on grounds generally applicable to the Class and questions of law and fact common to members of the Class predominate over any questions affecting only individual members; and

    d. Technicians who are currently employed by Pop A Lock are likely to fear retaliation and/or the loss of their employment, and thus are unlikely to commence their own actions.

## **SUBSTANTIVE ALLEGATIONS**

19. Plaintiff was employed by Pop A Lock as a technician during the limitations period of both FLSA and the NJWHL.

20. The nature of Defendant's business required Plaintiff to perform shift work for which he remained on-call at times and locations that precluded him from making effective use of the on-call time for his own purposes.

21. Accordingly, as a technician, Plaintiff was scheduled to, and did, work fifty (50) hours or more per week on a regular basis.

22. Plaintiff began his employment with Defendant in July 2019 and ended his employment with Defendant in August 2019.

23. During that time, he was routinely required to work more than forty (40) hours in a week. For example, during the week of July 29, 2019 to August 2, 2019, Plaintiff worked more than forty (40) hours but was not paid at one and one-half times his ordinary rate during hours worked in excess of forty (40).

24. Indeed, at all times, Plaintiff was not paid at one and one-half times his ordinary rate during hours worked over forty (40) in a workweek.

25. Upon information and belief, all of the other technicians are similarly required to work more than forty (40) hours per week.

26. Upon information and belief, Pop A Lock does not pay Plaintiff or the other technicians one and one-half times their ordinary rate during each hour worked

over forty (40).

27. Defendant was aware that the members of the Collective were engaged in work in excess of forty (40) hours per week and did not appropriately compensate for this overtime work. Defendant knew that this was a violation of applicable labor laws and the failure to so compensate was therefore willful.

## COUNT I

**Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*: Failure to Pay Overtime**
**(Brought on Behalf of Plaintiff and the Collective)**

28. Plaintiff incorporates and re-alleges all of the preceding paragraphs as if they were fully set forth herein.

29. During the FLSA Class Period, Plaintiff and others similarly situated were "employees" of Defendant within the meaning of the FLSA, 29 U.S.C. §203(e) and (g).

30. At all relevant times, Defendant has been an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. §203.

31. At all relevant times, Defendant's business has had annual gross revenues in excess of $500,000.

32. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto as Exhibit A and incorporated by reference.

33. Defendant was required to pay Plaintiff and others similarly situated

all wages due, including applicable overtime wages during all hours worked in excess of forty (40) hours in a workweek.

34. During the FLSA Class Period, Defendant failed to pay Plaintiff and other technicians all wages due, including overtime wages of not less than one and one-half times the regular rate of pay during each hour worked in excess of forty (40) hours in a workweek, which they are entitled under the FLSA, 29 U.S.C. §207.

35. Defendant's violation of the overtime requirements of the FLSA was part of its regular business practice and constituted a pattern, practice, and/or policy.

36. Defendant was aware that this pattern, practice, and/or policy was contrary to law, and was therefore a willful violation.

37. As a result of Defendant's violations of the FLSA, Plaintiff and others similarly-situated have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages in an amount equal to their unpaid wages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs, and punitive damages pursuant to 29 U.S.C. §216(b).

38. Defendant's unlawful conduct, as described above, was willful and intentional and/or was not in good faith. Defendant knew or should have known that the practices complained of herein were unlawful. Defendant knew that Plaintiff and others similarly situated routinely worked in excess of forty (40) hours per week and

that Plaintiff and others similarly situated were not paid at required overtime rates.

39. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and others similarly situated.

40. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA, 29 U.S.C. §255(a).

41. Plaintiff and the technicians seek to enjoin Defendant from its continuing violations of 29 U.S.C. §207.

## COUNT II

### NJWHL, N.J.S.A. 34 § 11-56a4, Failure to Pay Overtime
### (Brought on Behalf of Plaintiff and the NJWHL Class)

42. Plaintiff incorporates and re-alleges all of the preceding paragraphs as if they were fully set forth herein.

43. At all relevant times, Plaintiff and the Class were employed by Pop A Lock within the meaning of the NJWHL.

44. Pop A Lock willfully violated Plaintiff's rights, and the rights of the members of the Class, by failing to pay them overtime compensation at rates not less than one and one-half times their regular rate of pay during each hour worked in excess of forty (40) hours in a work week.

45. As a result of Defendant's violations of the NJWHL, Plaintiff and the Class have suffered damages in amounts to be determined at trial and are entitled to recovery of such amounts—including statutory liquidated damages— pre-judgment

and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the NJWHL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant Plaintiff and the proposed class and collective the following relief:

A. An order certifying this case as a collective action for the violations of the FLSA, as it pertains to the claim under 29 U.S.C. §216(b) for the class of employees described herein and designating Plaintiff's counsel as Class Counsel;

B. An order certifying this case as a class action for violations of the NJWHL as it pertains to the class of employees described herein, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel;

C. Award Plaintiff and the technicians all statutory damages, compensatory damages, punitive damages, liquidated damages, pre-judgment interest, and post- judgment interest, and any other damages that may be just and proper;

D. Award Plaintiff and the technicians their reasonable attorneys' fees, costs and expenses as authorized by law;

E. Enjoin Defendant from its continued violation of the FLSA and the NJWHL; and

    F.    Grant Plaintiff and the Class such other relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

DATED: January 2, 2020                        **Dressel/Malikschmitt LLP**

                                                                    By: *Andrew J. Dressel*
                                                   Andrew J. Dressel
                                                   90 Bayard Street, Suite 2C
                                                   New Brunswick, NJ 08525
                                                   Tel: (848) 202-9323
                                                   Fax: (201) 567-7337
                                                   andrew@d-mlaw.com

                                                   *Attorneys for Plaintiff*